UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTA POEHL,

    Plaintiff,                                                                    CASE NO. _____

v.

PIVO TAMPA, LLC,
d/b/a CIGAR CASTLE

    Defendant.
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, CHRISTA POEHL, by and through the undersigned attorney, complains against Defendant, PIVO TAMPA, LLC, d/b/a CIGAR CASTLE, as follows:

1. This is an action to recover unpaid overtime compensation under the Fair Labor Standards Act, *as amended*, 29 U.S.C. §201 *et. seq.* (hereinafter designated as "FLSA"). Specifically, jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b).

2. Venue lies within this judicial district, since all of the actions complained of herein occurred within the Middle District of Florida. Defendant maintains a business facility within this judicial district, and its headquarters are located herein at Temple Terrace, Hillsborough County, Florida.

3. At all times relevant and material herein, Plaintiff, CHRISTA POEHL (hereinafter designated as "Plaintiff"), was an employee of Defendant, PIVO TAMPA, LLC, d/b/a CIGAR CASTLE (hereinafter designated as "Defendant"), within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

1

4. Defendant is a corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of selling cigars and tobacco products at its cigar lounge, CIGAR CASTLE, in Temple Terrace, Florida.

5. During April, 2015, Defendant hired Plaintiff as a bartender.

6. Throughout her employment, Ms. Poehl worked in excess of 40 hours per week, entitling her to overtime pay.

7. During July, 2016, Plaintiff complained to Defendant manager, Atul Solanki ("Solanki"), about not receiving compensation for overtime hours worked.

8. On August 29, 2016, Defendant, by and through Solanki, terminated Plaintiff.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

9. Plaintiff realleges and incorporates by reference Paragraphs 1 through 8 of this Complaint.

10. During 2015, Ms. Poehl earned $9 per hour. She worked at least 227.06 overtime hours, and received no overtime pay.

11. During 2016, Ms. Poehl earned $9 per hour. She worked at least 54 overtime hours, but was not compensated.

12. As more specifically set forth herein above, throughout her employment, Plaintiff has worked in excess of forty (40) hours per workweek without receipt of overtime compensation therefor.

13. Plaintiff has made a demand upon the Defendant for the time-and-one-half overtime compensation to which she is entitled, but the Defendant has failed and refused to pay same.

14. As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Plaintiff further seeks liquidated damages as a result of Defendant's willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FLSA, 29 U.S.C. §201 *et seq.;*

B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, with interest;

C. Award Plaintiff an equal amount in liquidated damages;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II
## RETALIATION

15. Plaintiff realleges and incorporates by reference Paragraphs 1 through 8 of this Complaint.

16. Plaintiff requested to be paid for her overtime worked.

17. Plaintiff complained to Defendant manager, Solanki, about not receiving compensation for overtime hours worked.

18. Pursuant to 29 U.S.C., §215(a)(3), an employer may not retaliate against an employee for making even unofficial complaints about FLSA violations.

19. Plaintiff's complaints were either official or unofficial complaints about FLSA violations.

20. As a result of her complaining about not receiving overtime pay, Defendant, by and through Solanki, discriminated and retaliated against the Plaintiff by terminating her employment on August 29, 2016.

21. As a result of the foregoing unlawful conduct on the part of the Defendant, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. Plaintiff further seeks liquidated damages as a result of Defendant's willful retaliation and discrimination in violation of 29 U.S.C. §215(a)(3) of the FLSA.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FLSA, 29 U.S.C., §215(a)(3);

B. Award Plaintiff compensatory damages as a result of Defendant's retaliatory conduct;

C. Award Plaintiff prejudgment interest;

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff herein demands a trial by jury on all issues so triable in this action.

**RONALD L. NELSON, P.A.**
s/RONALD L. NELSON, ESQUIRE
1247 First Avenue North
St. Petersburg, FL 33705
Phone: (727) 345-9292
Fax: (727) 345-9299
ron@ronnelsonlaw.com
FBN: 0038156
Attorney for Plaintiff